## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BENJAMIN VIENT,             )
                            )
        Plaintiff,          )
                            )
     v.                     )      1:19cv2
                            )
SANFORD HERALD, et al.,     )
                            )
        Defendants.         )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Defendants' Motions to Dismiss (Docket Entries 12, 15, 22, 24), Plaintiff's Motion to Compel Expedited Disclosure and/or Discovery (Docket Entry 19), Plaintiff's Motion to Schedule Conference and Order (Docket Entry 20), Plaintiff's Motion for Preliminary Injunctive Relief (Docket Entry 21), Plaintiff's Motion for a More Definitive Answer/ Statement (Docket Entry 29), Plaintiff's Motion for a More Definite Statement (Docket Entry 34), as well as Plaintiff's Motion to Delineate Complaint's Relief (Docket Entry 41), Plaintiff's Motion for Court's Leave to Amend Complaint (Docket Entry 30), Plaintiff's Motion to Amend (Docket Entry 47), and Plaintiff's Letter Motion with proposed Second Amended Complaint (Docket Entry 50).[1]  For the

---

[1] The undersigned United States Magistrate Judge will issue an Order as to the motions that do not appear in the list of pretrial matters which require submission of a recommendation, but will issue a recommendation as to Defendants' Motions to Dismiss and Plaintiff's Motion for Preliminary Injunctive Relief.  See 28 U.S.C. § 636(b)(1)(A) and (B).

reasons that follow, the Court will allow Plaintiff to amend his pleading (thereby mooting Defendants' Motions to Dismiss), but his other motions all lack merit.

BACKGROUND

Plaintiff filed a pro se Complaint, which asserts a cause of action, pursuant to 17 U.S.C. § 101, alleging that "Defendant[s] ha[ve] infringed upon Plaintiff's exclusive copyright and intellectual property rights, including the rights to reproduce, the rights to distribute copies, and the rights to display copies of Plaintiff's works." (Docket Entry 1 at 1.) Plaintiff attached as "Exhibit A," a screenshot of an article from "infoweb.newsbank.com" entitled "On the Rails: Gliding into the Holidays." (Docket Entry 1-1 at 1.) The article reflects an original publication date of December 23, 2015, notes Defendant Sanford Herald as the publisher, and further identifies as "Author: Ben Vient Special to the Herald." (Id.) The Complaint alleges that "[t]he extent and timeline of infringement is information only [] Defendant[s] know[] at this time, thus necessitating . . . [d]iscovery, in order to produce a factual list of infringements . . . ." (Docket Entry 1 at 1.) It seeks relief in the form

> of all remedies as accorded under the law, including an independent accounting of usage of works, damages and statutory damages as available under the Copyright Act . . ., Plaintiff's legal fees and costs, preliminary and permanent injunctive relief, other damages and relief related to the infringement of Plaintiff's intellectual

property, and further legal and equitable relief as the
Court deems just and proper.

(Id.)

Defendants each filed a Motion to Dismiss with supporting memorandums. (See Docket Entries 12, 13, 15, 16.) Defendant Sanford Herald moved to dismiss the Complaint for insufficient process, insufficient service of process, and for failure to state a claim. (See Docket Entry 12 at 1; see also Docket Entry 13 at 1.) Defendant Raney moved to dismiss the Complaint for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. (See Docket Entry 15 at 1; see also Docket Entry 16 at 1.)

In lieu of responding to Defendants' first set of Motions to Dismiss, Plaintiff filed an Amended Complaint, which, in addition to the allegations of the original Complaint, alleges:

> Readout of Exhibit A: In this screenshot, the text of an article by Plaintiff, entitled 'Gliding into the Holidays,' appears with [] Defendant[ Sanford Herald]'s name listed, with a third party website, discovered as being used in 2018. . . . In this Exhibit, Plaintiff's works are reproduced by Defendant[s], in violation of 17 U.S.C. []§ 106 . . . distributed by Defendant[s] with a third party, in violation of 17 U.S.C. []§ 106 . . . [and] displayed by Defendant[s], in violation of 17 U.S.C. []§ 106[].

(Docket Entry 18 at 1.) The Amended Complaint repeats the request for relief from the original Complaint. (Compare id. at 1-2, with Docket Entry 1 at 1.)

Along with the Amended Complaint, Plaintiff filed a Motion to Compel Expedited Disclosure and/or Discovery (Docket Entry 19), asserting that he "has asked Defendant[s] many times for an accounting of usages of his works, in good faith and fair business dealings . . . . Defendant[s] ha[ve] not previously obliged to provide Plaintiff with an accounting of usages of his property" (id. at 1), and that he "is requesting [] Defendant[s] to produce copies of, specifically: lists of [their] usages of Plaintiff's works, including location dates of usages; and if [those] usages involve third parties, copies of all related documents with these third parties" (id. at 2).[2] That motion further states that "good cause" exists for the requested relief, because "[p]reliminary [i]njunctive [r]elief is pending" (id.), "[t]his [m]otion is limited" (id.; see also id. ("This is not the entirety of [d]iscovery issues . . . ."), "Defendant[s] ha[ve] not supplied the accounting of Plaintiff's property to date" (id.), "[s]haring these documents would not be burdensome to [] Defendant[s]" (id.), and "[t]his motion is being made at a reasonable juncture" (id.). Defendants responded in opposition (Docket Entry 26) and Plaintiff replied (Docket Entry 36).

---

[2] Plaintiff also filed a Motion to Schedule Conference and Order (Docket Entry 20), seeking an order requiring Defendants "to confer to discuss . . . [d]iscovery to obtain a factual accounting of [their] usages of Plaintiff's works, a list of all individuals with the usages of Plaintiff's works for depositions, and copies of all agreements related to [those] usages of Plaintiff's works" (id. at 1).

Plaintiff simultaneously filed a Motion for Preliminary Injunctive Relief (Docket Entry 21), "to stop Defendant[s] from using [his] works without a Rights Agreement" (id. at 1). According to that motion, Plaintiff "has not transferred any of his Copyright Rights to Defendant[s] for usage such as evidenced in Exhibit A" (id.), and, "[a]s such, no such usage should be allowed" (id.), "Defendant[s'] unauthorized use of [his] works causes irreparable harm, including infringing on [his] exclusive Copyright rights to sell and develop his own works" (id.), and Plaintiff "believes he will prevail at trial, as no Rights Agreement exists between Defendant[s] and [him] for usage such as evidenced in Exhibit A of the Complaint" (id.). Defendants responded in opposition (Docket Entry 31; see also Docket Entry 31-1 (affidavit); Docket Entry 32 (affidavit)) and Plaintiff replied (Docket Entry 33).

Defendants thereafter each filed a Motion to Dismiss the Amended Complaint. (See Docket Entries 22, 24.) Defendant Sanford Herald moved to dismiss the Amended Complaint for insufficient process, insufficient service of process, and for failure to state a claim. (See Docket Entry 24 at 1; see also Docket Entry 25 at 1.) Defendant Raney moved to dismiss the Amended Complaint for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. (See Docket Entry 22 at 1; see also Docket Entry 23 at 1.) Defendants later

amended their second set of Motions to Dismiss (see Docket Entry 48), stating that they "remain supported by Plaintiff's failure to state a case, the [C]ourt's lack of personal jurisdiction over [Defendant] Raney and the bar of statute of limitations" (id. at 1),[3] but "withdraw[ing] as grounds for [dismissal P]laintiff's insufficient process and insufficient service of process" (id.).

Plaintiff, in turn, filed a Motion for More Definitive Answer/Statement, asking Defendant Raney to "please clarify which dates she was with the Sanford Herald/Paxton Media, and what her involvement was with Plaintiff's works" (Docket Entry 29 at 1), as well as a Motion for Court's Leave to Amend Complaint "to include Copyright Registration numbers" (Docket Entry 30 at 1). Defendants responded in opposition (Docket Entry 37) and Plaintiff replied (Docket Entry 38). In addition, Plaintiff filed a Motion for a More Definite Statement, seeking clarification from Defendants regarding the "works referred to in the Affidavit [filed along with Defendants' opposition to injunctive relief, including the] locations[] and [the] dates." (Docket Entry 34 at 1.) Defendants responded in opposition. (Docket Entry 40.)

---

[3] Although Defendants have contended that their Motions to Dismiss "remain supported by . . . the bar of statute of limitations" (id. at 1), they failed to make that argument in their Motions to Dismiss (see Docket Entries 12, 15, 22, 24; see also Docket Entries 13, 16, 23, 25). Instead, Defendants made that argument in a response to Plaintiff's Motion to Delineate Complaint's Relief (see Docket Entry 46 at 2-3) and in responses to Plaintiff's other motions seeking leave to amend his pleading (see Docket Entry 51 at 2-3; Docket Entry 52 at 2-3).

6

Subsequently, Plaintiff filed a Motion to Delineate Complaint's Relief (Docket Entry 41), in which he "motions for the Court's leave to delineate under the Complaint's . . . listed relief of 17 U.S.C. §[] 101" (id. at 1), and also provides his "Copyright Registration ownership numbers" (id.). Defendants responded in opposition. (Docket Entry 46.)

Plaintiff then filed another Motion to Amend, because he remained "somewhat uncertain which of this factual information, being exchanged through Exhibits and Declarations, goes into the [Amended] Complaint[]." (Docket Entry 47 at 1.) That motion presents language akin to the Amended Complaint (compare id., with Docket Entry 18 at 1), along with the statement that "[t]he works were under exclusive control of Defendant[s] based on previous freelance agreement, that states: the 'agreement allows one publication of each submission,' Plaintiff 'retains all rights to his writing' and 'no reproduction'" (Docket Entry 47 at 1).[4] Defendants responded in opposition (Docket Entry 51), and Plaintiff replied (Docket Entry 53).

Lastly, Plaintiff filed a Letter Motion "[i]n support of [his second] Motion to Amend," asserting that, "in accordance with

---

[4] Plaintiff also attached documents regarding his attempts to serve Defendant Sanford Herald and his inability to do so due to an apparent invalid registered mailing address (see Docket Entry 47 at 2-4); however, as noted above, Defendants have abandoned their improper service of process argument, rendering further discussion of these materials unnecessary.

7

Federal Rules of Civil Procedure Rule 15(a)(2), . . . [t]he [C]ourt should freely give leave when justice so requires . . . ." (Docket Entry 50 at 1 (internal quotation marks omitted).) Along with the Letter Motion, Plaintiff included a proposed Second Amended Complaint which lists his "Copyright Ownership Registration Numbers of text and photography," repeats his claims from the Amended Complaint, includes the additional language from the second Motion to Amend regarding the "freelance agreement" between Plaintiff and Defendants, requests similar relief from the Amended Complaint and second Motion to Amend, and demands a jury trial. (Docket Entry 50 at 2-3.) As exhibits, Plaintiff attached both a printout of the article found online in 2018 and the original article found in hard copy in 2015. (Id. at 4-5.) Defendants responded in opposition (Docket Entry 52), and Plaintiff replied (Docket Entry 53).

## DISCUSSION

### I. Motion to Compel Expedited Disclosure and/or Discovery and Motion to Schedule Conference and Order

Plaintiff has filed a Motion to Compel Expedited Disclosure and/or Discovery (Docket Entry 19), as well as a Motion to Schedule Conference and Order, which (notwithstanding its title) also effectively seeks premature discovery from Defendants (see Docket Entry 20 at 1). Pursuant to the Federal Rules of Civil Procedure, "parties to an action 'may not seek discovery from any source before the parties have conferred as required by the' Federal Rules, unless the parties agree to conduct discovery." Wada v.

United States Secret Serv., 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (quoting Fed. R. Civ. P. 26(d)). In addition, pursuant to this District's Local Civil Rules, "(*pro se* parties) shall be governed by a scheduling order entered by the Court after an initial pretrial conference unless the Court determines, in its discretion, that no conference is necessary; discovery shall not commence until entry of the scheduling order." M.D.N.C. LR 16.1(a) (italics in original). As "[t]his Court has not yet held an initial scheduling conference because of the pending motions to dismiss, has not entered a scheduling order, and it is clear that the parties have neither met as required nor agreed to conduct discovery[,] . . . Plaintiff's efforts to pursue written discovery in this action are premature." Wada, 525 F. Supp 2d at 11. Put another way, "given that Defendants moved to dismiss the Amended Complaint . . ., the Court neither has set a scheduling conference nor entered a scheduling order and thus Plaintiff lacks any entitlement to pursue discovery, as he proposes." Johnson v. City of Durham, No. 1:09CV954, 2011 WL 4625730, at *8 (M.D.N.C. Sept. 30, 2011) (unpublished); see also M.D.N.C. LR 26.1 n.1 ("[W]hen a party has filed a dispositive motion, . . . there may be a good reason to delay the start of discovery . . . .").

"Courts have granted expedited discovery when unusual circumstances exist." ForceX, Inc. v. Tech. Fusion, LLC, No. 4:11CV88, 2011 WL 2560110, at *4 (E.D. Va. June 27, 2011)

9

(unpublished) (internal quotation marks omitted). "A specific standard for evaluating expedited discovery requests is not set out in the Federal Rules of Civil Procedure nor has [the Fourth Circuit] established such a standard." L'Occitane, Inc. v. Trans Source Logistics, Inc., No. 09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009) (unpublished). "After careful review, the Court adopts the majority position . . . [and applies] a standard based upon reasonableness or good cause . . . ." Teamworks Innovations, Inc. v. Starbucks Corp., No. 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (unpublished) (internal quotation marks omitted). Applying that standard, the Court declines to order expedited discovery at this time.

To support his request for expedited discovery, Plaintiff has contended that he "has asked Defendant[s] many times for an accounting of usages of his works" (Docket Entry 19 at 1) and that "Defendant[s] ha[ve] not previously obliged to provide [him] with an accounting of usages of his property" (id.). Plaintiff, however, has not explained why he needs such discovery on an expedited basis or how it could impact his pursuit of a preliminary injunction. (See id.) Moreover, as Defendants correctly have observed, "neither the [C]omplaint nor [Plaintiff's instant] motion[s] identify any *current* activity by [D]efendants that [Plaintiff] contends is in violation of his rights." (Docket Entry 26 at 4 (italics in original).) Plaintiff's reply addresses an

10

affidavit that Defendants submitted with their response to his Motion for Preliminary Injunctive Relief, contending that the affidavit concedes that, by voluntary action of Defendants, "a type of [i]njunctive [r]elief has recently been carried out" (Docket Entry 36 at 1); however, that argument undermines (rather than supports) his request for expedited discovery.

Absent any showing of harm without access to expedited discovery, Plaintiff must wait until the Court has adopted a scheduling order to obtain discovery. As such, the Court will deny his Motion to Compel Expedited Disclosure and/or Discovery and his Motion to Schedule Conference and Order.[5]

II. Motion for Preliminary Injunctive Relief

"To obtain a preliminary injunction, [P]laintiff must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." BASF Agro B.V. v. Makhteshim Agan of N. Am., Inc., No. 1:10CV276, 2011 WL 2135129, at *1 (M.D.N.C. May 27, 2011) (unpublished) (internal quotation marks omitted) (brackets in original). "[I]njunctive

---

[5] If Defendant Raney moves to dismiss Plaintiff's Second Amended Complaint based on lack of personal jurisdiction, the Court will entertain a renewed motion for expedited discovery from Plaintiff. See Fed. R. Civ. P. 26, advisory committee notes, 1993 amend., subdiv. (d) (recognizing propriety of early discovery in cases "involving . . . motions challenging personal jurisdiction").

11

relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. "[P]laintiff must satisfy all four prongs of th[is] test in order to obtain a preliminary injunction . . . ." Id. at *7.

Plaintiff has attempted to show a likelihood of irreparable harm through his assertions that "Defendant[s'] unauthorized use of Plaintiff's works causes irreparable harm, including infringing on Plaintiff's exclusive [c]opyright rights to sell and develop his own works . . . ." (Docket Entry 21 at 1). However, Plaintiff has identified only past alleged infringement. (See Docket Entry 18 at 1.) Plaintiff thus has failed to provide evidence of current and/or future alleged copyright infringement by Defendants, and, as such, he has failed to make a "clear showing that [he] will suffer harm that is neither remote nor speculative, but actual and imminent," Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, 915 F.3d 197, 216 (4th Cir. 2019) (internal quotation marks omitted).

Moreover, in opposition to preliminary injunctive relief, Defendants filed an affidavit from the vice president of Defendant Sanford Herald's publishing company. (See Docket Entry 32 (the "Rudolph Affidavit").) In the Rudolph Affidavit, the vice president of the company, Eric Rudolph, states the following:

> [Plaintiff] entered into a licensing agreement whereby he gave consent to Paxton Media Group d/b/a [Defendant] Sanford Herald to publish his works in the hard copy of newspapers.

12

> It appears that through some clerical error, some portion of [Plaintiff's] work was inadvertently published online for some limited time. I have not been able to document more than a dozen "page views" of [Plaintiff's] work, and I have reason to believe the majority of those were instances in which representatives of Paxton went online after [Plaintiff] complained to [Defendant Sanford Herald].
>
> I have conducted a careful review of the Paxton Media Group publications, and none of our publications currently has posted online any work created by [Plaintiff].
>
> As a representative of Paxton Media Group, I can attest that no Paxton newspaper will in the future post any of [Plaintiff's] work online.

(Id. at 1-2 (paragraph numbers omitted).)[6]

Given this record, the Court should deny Plaintiff's Motion for Preliminary Injunctive Relief.

### III. Motion for a More Definitive Answer/Statement and Motion for a More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added). Here, Plaintiff filed his first motion of this nature in conjunction with his response to Defendant Raney's first Motion to Dismiss (see Docket Entry 15) in an attempt to discover "which dates [Defendant Raney] was with [Defendant] Sanford Herald/Paxton Media, and what her involvement was with

---

[6] Plaintiff's reply offers no contradictory evidence. (See Docket Entry 33 at 1.)

Plaintiff's works" (Docket Entry 29 at 1). Plaintiff also filed a similar motion in an attempt to discover "details of the unauthorized usage" discussed in the Rudolph Affidavit (Docket Entry 34 at 1). The filings as to which Plaintiff has sought more information are not pleadings under Federal Rule of Civil Procedure 7(a) "and thus Plaintiff has no right to a more definite statement under Federal Rule of Civil Procedure 12(e) as he asserts." Johnson, 2011 WL 4625730, at *7.

   IV. Plaintiff's Remaining Motions

Plaintiff has filed four motions seeking leave to amend his Amended Complaint. (See Docket Entries 30, 41, 47, 50.) Given Defendants' refusal of consent (see Docket Entries 37, 46, 51, 52), Plaintiff "may amend [his] pleading only with . . . the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court retains discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has further explained "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

14

In opposition to the first of this set of motions (which proposes amending Plaintiff's Amended Complaint "to include Copyright Registration numbers" (Docket Entry 30 at 1)), Defendants argued that "[P]laintiff was well on notice of his pleading requirements when he filed his original and his [A]mended [C]omplaint[]." (Docket Entry 37 at 2.) Defendants have supported that argument by citing a recent decision from another court dismissing similar claims by Plaintiff, due to his failure to "allege that he had a registered copyright." (Id.) According to Defendants, in light of that decision, "[P]laintiff was on notice of the pleading requirements for a copyright infringement claim and has offered this Court no explanation of why he did not comply with those requirements in either his [Complaint] or [A]mended [C]omplaint." (Id.) Defendants, however, have not explained how that consideration fits into the interests-of-justice analysis under Federal Rule of Civil Procedure 15(a)(2). (See id.)

The next motion at issue, Plaintiff's Motion to Delineate Complaint's Relief (Docket Entry 41), seeks leave to add quotations from, and/or references to, various copyright statutory provisions, as well as a statement about Plaintiff's theory of infringement (see id.). In response to that motion, Defendants have opposed amendment on grounds of time-bar. (See Docket Entry 46 at 2-3.)[7]

---

[7] That response also reiterates Defendant Raney's denial of personal jurisdiction. (See Docket Entry 46 at 3.)

Likewise, in opposing Plaintiff's Motion to Amend (Docket Entry 47) and Letter Motion (with attached proposed Second Amended Complaint) (Docket Entry 50), Defendants argued that the statute of limitations rendered "any amendment to his Complaint [ ] futile [such that it] should not be allowed." (Docket Entry 51 at 2-3; accord Docket Entry 52 at 2-3.) Defendants base this argument upon "[P]laintiff's allegations . . . [that] [D]efendants allegedly infringed [P]laintiff's copyright no later than December 23, 2015," which they have contended means that "[P]laintiff had a filing deadline no later than December 23, 2018." (Docket Entry 51 at 2, accord Docket Entry 52 at 2.)

However, in the Amended Complaint (Docket Entry 18) and the proposed Second Amended Complaint (Docket Entry 50 at 2), Plaintiff has alleged that "the text of an article by Plaintiff . . . appears with [] Defendant[ Sanford Herald]'s name listed, with a third party website, discovered as being used in 2018. . . . In this Exhibit, Plaintiff's works are reproduced by Defendant[s as well as] . . . distributed by Defendant[s] with a third party . . . and displayed by Defendant[s]." (Docket Entry 18 at 1; see also Docket Entry 50 at 2.) Therefore, although the article bears an apparent original publication date of December 23, 2015, Plaintiff's allegations (viewed in the light most favorable to him) allege unauthorized reproduction in 2018. (Id.) Plaintiff confirmed that point in a reply, stating that "Defendants know that the

16

unauthorized usage was discovered by Plaintiff in 2018" (Docket Entry 53 at 1). At this stage of the prceedings, the Court declines to deem Plaintiff's proposed Second Amended Complaint futile based on the statute of limitations.

Turning to the other elements of the interests-of-justice analysis, Defendants have not contended that Plaintiff's proposed amendment would cause prejudice. (See Docket Entries 37, 46, 51, 52.) Given that discovery has not yet occurred in this matter, the Court finds no prejudice. Next, Defendants have not asserted that Plaintiff acted in bad faith in connection with the proposed amendment. (See id.) The Court finds no basis to conclude that Plaintiff has acted in bad faith. Accordingly, the Court concludes that Plaintiff's proposed Second Amended Complaint (Docket Entry 50 at 2-3) satisfies the liberal standard of Federal Rule of Civil Procedure 15(a)(2).

V. Defendants' Motions to Dismiss

As detailed in the Background section, Defendants moved to dismiss the Complaint and the Amended Complaint on a number of grounds, but have abandoned their insufficient process and insufficient service of process arguments, leaving Defendants' challenge to the sufficiency of Plaintiff's allegations of copyright infringement ("[b]ecause [P]laintiff has not pleaded the prerequisite of registering his copyrights with the United States Copyright Office" (Docket Entry 13 at 3; accord Docket Entry 16 at

17

3; Docket Entry 25 at 4; see also Docket Entry 23 at 2 n.2 (incorporating argument from Docket Entry 25 at 4))), as well as Defendant Raney's challenge to the Court's exercise of personal jurisdiction (see Docket Entry 16 at 4-5; Docket Entry 23 at 4-5). Plaintiff's most recent amendment of his pleading moots the former argument. (See Docket Entry 50 at 2 (referencing Docket Entry 46-1 at 5).) Similarly, because Plaintiff's pleading (as now amended) focuses on events as late as 2018 (see id.), the Court should not dismiss this action based on Defendant Raney's personal jurisdiction argument, which relies on her affidavit(s) denying any connection to or responsibility for events in 2015 involving Defendant Sanford Herald (see Docket Entry 16 at 2 (citing Docket Entry 16-1); Docket Entry 23 at 4 (citing Docket Entry 23-1)). See generally Colin v. Marconi Commerce Sys. Emps. Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by [the d]efendants were filed prior to and have been rendered moot by [the p]laintiffs' filing of the Second Amended Complaint.").

As a result, the Court should deny Defendants' Motions to Dismiss as moot.

## CONCLUSION

The interests of justice warrant allowing Plaintiff's proposed amendment of his pleading (thereby mooting Defendants' Motions to Dismiss), but Plaintiff's other motions lack merit.

18

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Expedited Disclosure and/or Discovery (Docket Entry 19), Motion to Schedule Conference and Order (Docket Entry 20), Motion for More Definitive Answer/Statement (Docket Entry 29), and Motion for a More Definite Statement (Docket Entry 34) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court's Leave to Amend Complaint (Docket Entry 30), Motion to Delineate Complaint's Relief (Docket Entry 41), Motion to Amend (Docket Entry 47), and Letter Motion (Docket Entry 50) are **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall re-docket Pages 2 through 5 of Plaintiff's Letter Motion (Docket Entry 50 at 2-5) as Plaintiff's Second Amended Complaint, to which Defendants shall answer or otherwise respond by February 24, 2020.

**IT IS RECOMMENDED** that Plaintiff's Motion for a Preliminary Injunction (Docket Entry 21) be denied.

**IT IS FURTHER RECOMMENDED** that Defendants' Motions to Dismiss (Docket Entries 12, 15, 22, 24) be denied as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
February 10, 2020