IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BENJAMIN VIENT,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        1:19cv2
                                   )
THE SANFORD HERALD, RACHAEL        )
RANEY,                             )
                                   )
                Defendants.        )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Benjamin Vient ("Vient") brings this action against The Sanford Herald (the "Herald") and Rachael Raney ("Raney") alleging violations of the Copyright Act of 1976. (Doc. 59.) Before the court is Vient's motion to transfer (Doc. 56), motion to amend his second amended complaint (Doc. 66), and motion for court mediation (Doc. 70), as well as Defendant Raney's motion to dismiss (Doc. 61). The motions have been fully briefed and are ready for decision. For the reasons set forth below, Defendant Raney's motion to dismiss will be granted, and Plaintiff's motions will be denied.

## I.    BACKGROUND

This case has an already extensive procedural history. Vient initiated this action on January 3, 2019, with the filing of a pro se complaint alleging that "Defendant[s] ha[ve] infringed upon [his] exclusive copyright and intellectual property rights," in

violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (Doc. 1 at 1.) The alleged copyright infringement involved the December 23, 2015 publication by the Herald, a Sanford, North Carolina newspaper, of an article, "On the Rails: Gliding into the Holidays," authored by Vient. On March 18, 2019, Defendants moved to dismiss the complaint (Docs. 12, 15), and in lieu of responding to Defendants' motions to dismiss, Vient filed an amended complaint on March 21, 2019 (Doc. 18). Additionally, Vient filed a Motion to Compel Expedited Disclosure and/or Discovery (Doc. 19), a Motion to Schedule Conference and Order (Doc. 20), and a Motion for Preliminary Injunctive Relief (Doc. 21). Defendants opposed Vient's motions to compel discovery and for a preliminary injunction (Docs. 26, 31) and subsequently filed motions to dismiss the amended complaint (Docs. 22, 24), which were later amended (Doc. 48).

On April 9, 2019, Vient filed a Motion for More Definitive Answer/Statement (Doc. 29), as well as a Motion for Court's Leave to Amend Complaint (Doc. 30), which Defendants opposed (Doc. 37). On April 22, 2019, Vient filed a Motion for a More Definite Statement (Doc. 34), which Defendants opposed (Doc. 40). Vient then filed a Motion to Delineate Complaint's Relief (Doc. 41) and an additional Motion to Amend (Doc. 47), both of which Defendants opposed (Docs. 46, 51). On June 10, 2019, Vient filed a Letter Motion "[i]n support of [his second] Motion to Amend" and included

2

a proposed second amended complaint. (Doc. 50.) Defendants opposed this motion as well. (Doc. 52.) Vient then filed a Motion for Settlement Proposal (Doc. 54), which was struck by the court. In a February 10, 2020 Opinion, Order, and Recommendation, Magistrate Judge Auld allowed Vient to amend his pleadings, thereby rendering the motions to dismiss moot, but denied all of Vient's other motions. (Doc. 57.) This court adopted the Magistrate Judge's Recommendations. (Doc. 64.) Thus, as allowed by the court, Vient's second amended complaint was filed February 10, 2020. (Doc. 59.)

On February 24, 2020, Raney moved to dismiss Vient's second amended complaint (Doc. 61), and the Herald filed an answer (Doc. 63). On March 6, 2020, Vient moved yet again to amend his second amended complaint (Doc. 66), a motion opposed by Defendants (Doc. 68). Vient has also filed a motion to transfer this case to the United States District Court in the Western District of Kentucky (Doc. 56), a motion which Defendants oppose (Doc. 60). Vient thereafter filed a Motion for Court Mediation (Doc. 70), which is opposed by Defendants (Doc. 71).

Because Vient seeks to amend his complaint, the court summarizes the facts of his grievance as set out in the proposed third amended complaint, which is viewed in the light most favorable to him. Vient alleges he is the owner of copyrights registered with the United States Copyright Office, which he

3

identifies as TX0008587743, TX0008587772, and TX0008589705. (Doc. 59 at 1.) He contends that Defendants have engaged in "multiple violations of 17 U.S.C. §§ 101 et seq.: including multiple reproduction violations of 17 U.S.C. §§ 106(1), multiple distribution violations of 17 U.S.C. §§ 106(3), and multiple display violations of 17 U.S.C. §§ 106(5)" as it relates to TX0008589705, an article entitled "On the Rails: Gliding into the Holidays." (Id.) In November 2018, after discovering the unauthorized use of his work, Vient contacted Defendant Raney, who was then the publisher of the Herald, and informed her that his works were copyrighted. (Doc. 65.) Vient argues that he never transferred his right to authorize electronic distribution to Defendants and that, therefore, the third-party use and sale of his work violates 17 U.S.C. § 201(d). (Doc. 66.)

## II. ANALYSIS

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this claim involves violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

When properly raised, personal jurisdiction is a threshold question that precedes consideration of the merits of a claim. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation and internal quotation marks omitted) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to

4

proceed to an adjudication."); accord Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006) ("[T]he dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction.").

### A.  Motion to Dismiss

#### 1.  Standard of Review

"[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).  The court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs, 886 F.2d at 676.

#### 2.  Personal Jurisdiction

Defendant Raney moves to dismiss Vient's second amended complaint, arguing that she resides in Carrollton, Georgia, and is not involved with the December 2015 publication of Vient's article that forms the basis of his copyright infringement claims. (Doc.

5

62 at 3.) She supports these arguments with sworn affidavits. (Docs. 16-1, 62-1.) Raney further contends that she "is not subject to personal jurisdiction in this Court, under either a theory of general jurisdiction or specific jurisdiction." (Doc. 62 at 5.) In his proposed amendment to his amended complaint, Vient argues that he reached out to Raney to resolve the copyright issues, but nothing came of his efforts. (Doc. 65 at 1.) He argues that Raney is "at least partially responsible for [his] damages." (Id.)

Analysis of personal jurisdiction consists of a two-part inquiry: first, whether the exercise of jurisdiction is authorized under the state's long-arm statute; and second, whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). See also Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011). Under North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, North Carolina courts are permitted to exercise "personal jurisdiction over a defendant to the outer limits allowable under federal due process." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558-59 & n.3 (4th Cir. 2014); accord Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) ("Like those of many other states, North Carolina's

6

long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."); Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630–31 (N.C. 1977) (same). Thus, the two-part inquiry merges into a single question: whether the exercise of jurisdiction comports with due process. Universal Leather, 773 F.3d at 559.

Under the Due Process Clause, a court can have personal jurisdiction over a defendant in either of two ways:

> First, a court may find specific jurisdiction based on conduct connected to the suit. If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. Second, a court may exercise personal jurisdiction under the theory of general jurisdiction, which requires a more demanding showing of continuous and systematic activities in the forum state.

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012) (internal quotation marks and citations omitted). Construing the proposed complaint and affidavits in the light most favorable to Vient, the court finds no contention or evidence that Raney had any contact with North Carolina. Therefore, personal jurisdiction cannot be based on general jurisdiction or specific jurisdiction stemming from Raney's contacts, and the inquiry will proceed solely as to the conduct connected with the lawsuit.

To resolve an objection to personal jurisdiction, the court must determine "(1) the extent to which the defendant purposefully

availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Id. at 301-02 (citation omitted). Each prong must be satisfied for the exercise of specific personal jurisdiction. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278-79 (4th Cir. 2009). "The allegations of the complaint are taken as true only if they are not controverted by evidence from the defendant. Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." Vision Motor Cars, Inc. v. Valor Motor Co., 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013) (internal citations omitted).

Raney has filed sworn affidavits detaching her from any involvement with the publication of Vient's articles. The alleged copyright infringement in this case involved the Herald's December 23, 2015 publication of an article, "On the Rails: Gliding into the Holidays," and its upload onto a third-party site, Newsbank. (Doc. 1.) While Vient alleges that Raney has some involvement in the alleged infringement, Raney has controverted these allegations with sworn affidavits averring that she was not employed with the Herald when these articles were published (Doc. 16-1 at 1-2), and she had no role in deciding what material would

8

be available through Newsbank. (Doc. 62-1 at 2.) Even viewed in the light most favorable to Vient, the facts do not demonstrate that Raney purposefully availed herself of the privilege of conducting activities in North Carolina or is connected to Vient's copyright infringement claim.

Even considering Vient's proposed third amended complaint, the court has no specific or general personal jurisdiction over Raney; therefore, Raney's motion to dismiss will be granted, and Vient's motion to amend will be denied as futile. See Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)) ("[A] district court may deny leave if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules."). See also Skinner v. Womack Army Med. Ctr., No. 1:19CV572, 2019 WL 6350628, at *5 (M.D.N.C. Nov. 27, 2019) (denying leave to file an amended complaint where the proposed amendment would not save plaintiff's claim from dismissal).

**B.  Motion to Transfer**

Vient moves to transfer this case "to the jurisdiction of the owner of Defendant Sanford Herald, Paxton Media Group, to KY Case 5:19-CV000141," basing the motion on "the revelation of the Affidavit in the NC Case 1:19CV2 (Doc. 32) that Paxton Media Group of Kentucky is responsible for infringing actions of this case."

9

(Doc. 56.) Defendants oppose this motion, noting that Vient chose to file his suit here in North Carolina. (Doc. 60 at 1.) They further argue that the "referenced affidavit [(Doc. 32)] was filed on April 18, 2019 – more than nine [months] before plaintiff's Motion to Transfer" and that they have already "expended significant time, energy and financial resources to defend against plaintiff's varied and sometimes inscrutable filings" here in North Carolina. (Id at 2.)

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The court undertakes a two-step analysis in determining whether to grant a motion to transfer. First, section 1404(a) requires that the lawsuit could have been brought in the district or division to which transfer is sought. Second, the court determines whether transfer is warranted. In considering a motion to transfer, a court should weigh the following discretionary factors:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy,

10

expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of law.

Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 802 (M.D.N.C. 2008). The party moving to transfer bears the burden of proving that the balance favors transfer. Id. at 803. Further, a plaintiff's choice of forum is given considerable weight and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)).

Vient bears the burden of demonstrating that transfer is warranted, but his only support for transfer is that "Paxton Media Group of Kentucky is responsible for infringing actions of this case." (Doc. 56.) Nowhere does he allege that the lawsuit could have been brought in Kentucky, as is his burden, and he fails to articulate how any of the factors identified above weigh in favor of transfer. Because Vient has failed to meet his burden, his motion to transfer will be denied.

## C. Motion for Court Mediation

Vient moves for court mediation, suggesting that the parties "should be able to professionally resolve the matters without

11

necessitating Court resources and costs." (Doc. 70.) Defendants oppose this motion, arguing that it is both improper and unnecessary. (Doc. 71 at 2.) Plaintiff's motion will be denied. As Defendants note, the Federal Rules of Civil Procedure and the Local Rules here in the Middle District provide the order in which civil litigation shall proceed. The court directs Vient to this court's Local Rules 16.1 and 16.4 regarding the proper timing of mediation in civil cases before the court, noting that this district has mandatory mediation at the appropriate time. Mediation and voluntary settlement are indeed encouraged. Vient is free to engage in informal discussions with the Defendant in an effort to resolve his dispute. However, his request for court-ordered mediation outside the parameters of this court's local rules is denied.

## III. CONCLUSION

For the reasons stated above,

IT IS THEREFORE ORDERED that Defendant Rachael Raney's motion to dismiss for lack of personal jurisdiction (Doc. 61) is GRANTED and Plaintiff's motion to amend (Doc. 66), motion to transfer (Doc. 56), and motion for court mediation (Doc. 70) are DENIED.

                                        /s/   Thomas D. Schroeder
                                    United States District Judge

August 7, 2020

12