IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BENJAMIN VIENT,                )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:19CV2
                               )
SANFORD HERALD & PAXTON MEDIA  )
GROUP,                         )
                               )
          Defendants.          )

## MEMORANDUM ORDER

Before the court are *pro se* Plaintiff Benjamin Vient's motions for reconsideration. (Docs. 176, 180.) Defendants have filed responses. (Docs. 178, 182.) For the reasons set out herein, the motions are denied, and Vient is enjoined from filing further motions in the case.

## I. BACKGROUND

On March 29, 2022, this court entered an order and final judgment adopting the Magistrate Judge's Recommendation, dismissing Vient's claims with prejudice, and directing judgment in favor of the Defendants and against Vient in the amount of $16,132.50. (Docs. 162, 163.) On April 26, 2022, Vient moved for reconsideration of that order and judgment. (Doc. 167). On July 7, 2022, the court denied Vient's motion to reconsider because he had failed to establish any grounds for relief under Federal Rule of Civil Procedure 60. (Doc. 175.) The court also admonished him to "accept the realization that his case is decided in this court"

and "to consult legal counsel as to his post-judgment and appellate rights before considering the filing of any further baseless motions." (Id. at 4.)

On August 4, 2022, more than four months after this court entered its judgment of dismissal, Vient again moved for reconsideration, seeking reconsideration of this court's March 29, 2022 order and judgment. (Docs. 176, 177.) Vient also sought reconsideration of the court's July 7, 2022 order denying his first motion for reconsideration. (Id.) Defendants responded in opposition (Doc. 178), and Vient replied (Doc. 179).

On September 16, 2022, while Vient's August 4 motion for reconsideration was still pending, Vient filed yet a third motion for reconsideration, this time asking to vacate the judgment entered on March 29, 2022, pursuant to Rule 60(b)(6) to allow him to refile his claims with the Copyright Claims Board. (Doc. 180.) Defendants again responded in opposition. (Doc. 182.) Accordingly, Vient now has two motions for reconsideration pending before the court. (Docs. 176, 180.)

## II. ANALYSIS

Vient's August 4, 2022 motion for reconsideration (Docs. 176, 177) is nearly identical to his previous motion for reconsideration from April 26, 2022. (Doc. 167.) Both seek reconsideration of the court's March 29, 2022 order and judgment. (Compare Docs. 176, 177 with Docs. 167, 168.) Both also claim that Vient is

2

entitled to such relief pursuant to Federal Rule of Civil Procedure 60, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment. (Id.) For the reasons outlined in the court's previous order denying Vient's first motion for reconsideration, these arguments readily fail. (See Doc. 175 at 3.) Moreover, to the extent that Vient now seeks relief pursuant to Rule 59(e), the motion is untimely, having come more than four months after the court entered its judgment of dismissal. See Fed. R. Civ. P. 59(e) (requiring that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Vient's second motion for reconsideration, filed on September 16, 2022, seeks relief specifically pursuant to Rule 60(b)(6). (Doc. 180.) Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment, including newly discovered evidence (that with reasonable diligence could not have been discovered previously), fraud, voidness, and satisfaction. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option "is available only when Rules 60(b)(1) through

3

(b)(5) are inapplicable." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022) (citation omitted). Even then, "extraordinary circumstances must justify reopening." Id. Vient contends that vacatur of the court's judgment is appropriate under Rule 60(b)(6) because the Copyright Alternative in Small-Claims Enforcement ("CASE") Act of 2020, which established a Copyright Claims Board within the Copyright Office, provides an alternative forum for him to litigate his claims against the Defendants.[1] (Doc. 181 at 2-3.)

Vient has not established that he is entitled to the requested relief. First, he has failed to show that the motion is timely. Rule 60(b)(6) motions must be brought "within a reasonable time" and "the movant must make a showing of timeliness." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984)). Vient's motion to reconsider was filed on September 16, 2022, over five months after the court entered final judgment on March 29, 2022. (See Docs. 163, 180.) Yet Vient offers no reason for the delay. Accordingly, for this reason alone, Vient's motion fails. See McLawhorn, 924 F.2d at 538 ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid

---

[1] See 17 U.S.C. §§ 1501-11.

4

reason is given for the delay."); Clayton v. Ameriquest Mortg. Co., 388 F. Supp. 2d 601, 606 (M.D.N.C. 2005) (explaining that the "the Fourth Circuit has upheld denials of 60(b) motions that were filed as little as two and one-half months after entry of the judgment" and collecting cases).

Second, even if the motion for reconsideration had been timely filed, Vient presents no extraordinary circumstances that warrant such relief. He repeatedly claims that the CASE Act established "intervening law" for copyright cases, and therefore that the judgment should be reopened to allow him to pursue his claims before the Copyright Claims Board. (Doc. 181.) Putting aside that the CASE Act was signed into law in December 2020,[2] long before final judgment was entered in this case in March 2022 (Doc. 163), it is well established that an intervening change in law rarely establishes the extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6). See Agostini v. Felton, 521 U.S. 203, 239 (1997) (noting that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2864 (3d ed. 2012) (collecting cases).

Even if the passage of the CASE Act warranted reopening the

---

[2] See Copyright Alternative in Small-Claims Enforcement Act of 2020, Pub. L. No. 116-260, 134 Stat. 2176-2200 (2020).

case, reopening the judgment here would be futile for two reasons. First, Vient's claims – which accrued sometime prior to January 3, 2019, when he filed the complaint in this case (Doc. 1) – would fall outside the relevant statute of limitations under the CASE Act. <u>See</u> 17 U.S.C. § 1504(b)(1) ("[A] proceeding may not be maintained before the Copyright Claims Board unless the proceeding is commenced, in accordance with section 1506(e), before the Copyright Claims Board <u>not later than 3 years after the claim accrued</u>.") (emphasis added). Second, participation in proceedings before the Copyright Claims Board is entirely voluntary, <u>see</u> 17 U.S.C. § 1504(a), and Defendants have unequivocally stated that they "have not [consented] and would not consent to the plaintiff's claims proceeding anew in that format." (Doc. 181 at 4.) Accordingly, Vient has established no compelling reason to disturb the final judgment in this case.

Finally, a word about Vient's repetitive filings. Vient has filed multiple frivolous post-judgment motions (Docs. 164, 167, 171, 174), and this court has admonished him that "he must accept the realization that his case is decided in this court." (Doc. 175 at 4.) Yet he has again filed baseless motions (Docs. 176, 180) that precipitated a response from the Defendants and a ruling by this court. This is apparently part and parcel of Vient's litigation tactics. For example, over a year ago, in <u>Vient v. Ancestry</u>, No. 2:19-CV-51-DAK, 2022 WL 219502, at *1 (D. Utah Jan.

6

25, 2022), the court enjoined Vient from filing further post-judgment motions after rejecting his five post-judgment motions under Rule 60(b). In doing so, the court noted that the Defendant reported to the court that Vient had filed nineteen post-judgment motions in another case, thirteen of which were filed after the court sanctioned him and ordered him to stop filing any more motions. Id.

The court will not allow Vient to abuse the system like this. Here, too, Vient has been sanctioned in connection with his conduct in this case, and he has made six post-judgment filings. The court bars Vient from filing anything other than a notice of appeal or notice he has satisfied the sanctions order in this action. See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (recognizing the inherent power of the courts to control the judicial process and to redress conduct that abuses the process); In re Ross, 858 F.3d 779, 787 (3d Cir. 2017) (observing that "broad filing restrictions are common and often justified" in addressing abusive litigation and citing cases); Evans-Carmichael v. United States, 343 F. App'x 294, 295 (10th Cir. 2009) (unpublished) (Gorsuch, J.) (finding no abuse of discretion when district court enjoined litigant from future *pro se* filings after three consecutive motions to reconsider had already been rejected); Daker v. Owens, No. 6:14-CV-47, 2022 WL 1819104, at *2 (S.D. Ga. May 27, 2022) (prohibiting vexatious litigant from filing any

7

further motion challenging the court's prior rulings in the case); Strader v. Werholtz, No. 19-3102-SAC, 2019 WL 5267160, at *2 (D. Kan. Oct. 17, 2019) (limiting plaintiff's future filings in the case after repeated and irrelevant post-dismissal motions). <u>Should Plaintiff file further frivolous motions, the court will not consider them</u>, and Defendant is not obligated to respond to anything Plaintiff files after the date of this Order.

**III. CONCLUSION**

For the reasons stated, therefore,

IT IS ORDERED that Vient's motions for reconsideration (Docs. 176, 180) are DENIED.

IT IS FURTHER ORDERED that Vient is ENJOINED from any further filings in this case other than a notice of appeal or notice of satisfaction of the sanctions ordered by the court (<u>See</u> Doc. 162), unless specifically directed by the court.

/s/   Thomas D. Schroeder
United States District Judge

January 24, 2023

8

Case 1:19-cv-00002-TDS-LPA   Document 183   Filed 01/24/23   Page 8 of 8